# NO. 12-14-00128-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CODY WAYNE PENICK,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 217TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Cody Wayne Penick appeals his conviction for assault-family violence. In one issue on appeal, Appellant argues that the evidence is legally insufficient to support the conviction. We affirm.

## BACKGROUND

Appellant was charged by indictment with assault-family violence. The indictment included a jurisdictional paragraph, stating that the Appellant had previously been convicted of assault-family violence, and a felony enhancement paragraph. Appellant pleaded "not guilty," and the case proceeded to a bench trial. At the conclusion of the trial, the court found Appellant guilty of assault-family violence as charged, found the felony enhancement paragraph to be "true," and assessed Appellant's punishment at ten years of imprisonment. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues that the evidence is legally insufficient to support his conviction.

## Standard of Review

In Texas, the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight of their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. Direct and circumstantial evidence are treated equally. *Clayton*, 235 S.W.3d at 778. Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. *Hernandez v. State*, 190 S.W.3d 856, 864 (Tex. App.—Corpus Christi 2006, no pet.).

## Applicable Law

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). The offense is a third degree felony if the offense is committed against a person whose relationship to or association with the defendant is a dating relationship, if it is shown at trial that the defendant has been previously convicted of an offense under Chapter 22 of the Texas Penal Code against a person whose relationship to or association with the defendant is a dating relationship. *Id.* § 22.01(b)(2)(A) (West Supp. 2014); TEX. FAM. CODE ANN. § 71.0021(b) (West Supp. 2014).

2

A "dating relationship" is a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. TEX. FAM. CODE ANN. § 71.0021(b).

**Analysis**

Cheyenne J. Dearman testified that she and Appellant were in a dating relationship. On January 3, 2013, she put Appellant to bed and he woke up later, agitated and angry. Appellant grabbed Dearman's hand, bent it back, and hurt her when she attempted to take cigarettes from his shirt pocket. Dearman decided to leave the apartment, but Appellant chased her through the apartment complex and up the stairs of a back building. She testified that Appellant caught her at the top of the stairs, grabbed the hair at the nape of her neck, ripped out a handful of hair, and pushed her down on the concrete. According to Dearman, she suffered injuries to the nape of her neck, hand, and left knee. The photographs admitted into evidence appeared to confirm the injuries to her hand and neck.

Dearman called law enforcement, and Appellant left the scene after neighbors in the apartment complex confronted him. A Lufkin police officer investigated the incident, and Dearman admitted that she did not inform the investigating officer of her knee injury at the time. Dearman stated that, after the investigating officer left, Appellant returned to the apartment complex, she notified law enforcement again, and he was arrested.

Appellant denied pulling Dearman's hair, hitting her, or kicking her. Instead, he remembered waking up to Dearman hitting and slapping him across the face because she found some drugs. According to Appellant, he followed Dearman when she left the apartment. Then, he said, Dearman ran up the stairs at the back of the building and fell down. According to Appellant, Dearman was "messed up" on Xanax and over-medicated. He also stated that she scratched and picked at her face as a result of her medications or methamphetamine use. Further, Dearman admitted writing a letter to Appellant stating that she was sorry for the "mess" that she made. However, she said, she was attempting to reconcile with Appellant and stated that she was an "idiot" for trying to do so. Appellant interpreted her letter as an admission that she lied and set him up.

Appellant contends this and other evidence he identifies is legally insufficient to support a finding that he assaulted Dearman. He argues that the record shows Dearman was not a credible witness and that certain evidence conflicts with her testimony at trial. However, the trial court, who as fact finder was the sole judge of Dearman's credibility, resolved that issue against

3

Appellant. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 899. And we must presume that the fact finder resolved any conflicts in favor of the prosecution and defer to that determination. *See **Clayton***, 235 S.W.3d at 778.

Viewing the evidence in the light most favorable to the prosecution, we conclude that the trial court reasonably could have concluded that Appellant intentionally, knowingly, or recklessly caused bodily injury to Dearman. Therefore, the trial court could have found the essential elements of assault-family violence beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A). The evidence is legally sufficient to support Appellant's conviction. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue on appeal, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered January 21, 2015.
*Panel consisted of Worthen, C.J., and Hoyle, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 21, 2015**

**NO. 12-14-00128-CR**

**CODY WAYNE PENICK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2013-0132)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J. and Hoyle, J.*